The President delivered the unanimous opinion of the court, as follows :(a)
Shippen, President.
This is a motion to set aside a judgment entered *124 upon a warrant of attorney, against the defendants. The cause assigned is that the warrant of attorney was not executed by both the partners, but by Soyer alone. That being a deed, it is not the act of those who do not seal and deliver it; to this, it is answered, that being the act of one partner in trade, in the name of him and his partner, it should be deemed the act of both, although under seal.
*-^s to P°^nt> we are opinion, that in all mercantile transactions, the act of one joint partner, in matters relating to their joint trade, should be deemed the act of both, although it be the signing bills of exchange, receipts, &c. But this seems to us to be confined to such acts and to such writings as are of a mercantile nature, such as arc usually and necessarily done in a course of trade, and without which the business of the partnership coixld not be conveniently carried on. But as to deeds, they are matters of a different nature, and not necessarily connected with trade, but subject to the rules of law independent of trade and commerce. We find no instance where they are distinguished in the case of merchants from other cases. We, therefore, are of opinion, that the warrant of attorney in the present case executed by Soyer alone, in the name of Basse & Soyer, is not the act of Basse, and therefore, the authority for confessing judgment against him is wanting.
But the motion goes further, it is to set aside the judgment entered against Soyer himself, on the warrant of attorney actually executed by him, on the ground of its being a joint proceeding against them both, and that if the judgment is set aside at all, it must be set aside in toto.
It is not disputed, that there was a real bond fide, debt due from Basse & Soyer to the plaintiff, that Soyer executed the bond and warrant of attorney, freely and without compulsion, and that there is no ground for setting it aside, from any unfairness in the transaction. It is likewise not disputed, but that if two persons are named as grantors or obligors in a deed, and one only execute it, it is a good deed as to him who seals it, and void as to the other. Consequently, that in the present case, this is a good bond and warrant of attorney as to Soyer; and it is not disputed, that if the judgment had been entered up against Soyer alone, it would have been good.
The question is, then, whether, under these circumstances of the case, we shall take up this matter of error, if it is one, in a summary way, and decide upon it, as if before us on a writ or error, or not.
Judges are bound to decide according to the rules of law, but when they see a fan- creditor in danger of losing his debt by a misapprehension or slip of his attorney, they will be attentive to prevent it. I acknowledge, my conscience would revolt at the idea of permitting it, if, by any law authority, I can be supported in preventing it.
The law in 2 W. Bl. 1133, has set us the example ; we there see the judges, on an application of this sort, set aside a warrant of attorney as to one, and let the other shift for himself. We may, with equal reason, set aside the judgment as to the man who gave no authority for entering it, and let the other who did really execute it shift for himself.
We are disposed to go further, if it shall be asked of us. We see no reason why, in this case, we may not give leave to the plaintiff to strike the name of Basse out of the proceedings, as a mere nullity, as well as the *125 judges in tbat case, struck the name of the defendant out of the warrant of attorney.
As to favoring these warrants of attorney. However we might wish to see something liké an act of bankruptcy take place here, whereby all creditors would come in equally, yet as the law stands, preferences are allowed, if obtained fairly, and the law favors the vigilant.
Accordingly, judgment set aside as to Basse, and confirmed as to Soyer. (a)

 The opinion here inserted is copied from President Shipper's MS., and gives the sentiments of the court, as delivered by him at length, of which Mr. Dallas’s original report furnished only an abstract.

 The principle upon which the case of Gerard v. Basse and Soyer was decided has governed the courts in subsequent decisions. In the United States v. Astley (3 W. C. C. 508), and Taylor v. Coryell (12 S. & R. 249), the general rule was distinctly recognised, that in the case of a sealed instrument, the act of one partner is not sufficient to bind the other. In the first of these cases, however, Judge Washington admitted the exception, that the deed will be valid', if executed in the presence, or by the authority of the other partner; and in Taylor v. Coryell, Judge Duncan seemed to think it clear, that a subsequent acknowledgment by the other partner would ratify the deed. The principal point decided in the latter case was, that one partner might bind the firm by an agreement, not under seal, to refer to arbitration any partnership matter, except, perhaps, where the other party openly dissented. How far an assignment of the partnership effects made by one partner for the benefit of creditors will be valid, see Pearpoint v. Graham, 4 W. C. C. 232. See also the remarks of President Shippen upon this case, in Pleasants v. Meng, post, 380.